IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

POTTER/ORTIZ, LLC,

      Plaintiff,

v.                                                                                                No. CIV 13-1043 RB/RHS

LONE MOUNTAIN RANCH, LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER

The case before the Court involves a dispute over respective interests in the surface estate of property wherein the mineral estate may be worth upwards of a billion dollars. Plaintiff Potter/Ortiz alleges Defendant Lone Mountain Ranch interfered with its rights in the property, and seeks both damages and an order from this Court establishing that its rights in the property are dominant to the Defendant's.

Before the Court is Defendant Lone Mountain Ranch's Motion to Dismiss Complaint For Lack of Subject Matter Jurisdiction. (Doc. 11). Having considered the submissions and arguments of the parties, the relevant law, and being otherwise fully advised, the Court **DENIES** Defendant's motion. (*Id.*)

## BACKGROUND

Plaintiff Potter/Ortiz, LLC and Defendant Lone Mountain Ranch share rights in land located in Santa Fe County, New Mexico. (Doc. 1 at ¶ 7). Plaintiff claims it owns the mineral estate – *i.e.*, the dominant estate – and the related rights to use the surface of the property.

1

According to Plaintiff, the Defendant, at most, holds a residual surface interest in the property. (*Id.* at ¶ 11).

As the Defendant possesses inferior rights to the property, Plaintiff alleges that Defendant has a duty to not interfere with Plaintiff's desired use of the land.[1] (*Id*. at ¶ 15). However, according to the Complaint, Defendant has engaged in concerted action with others – including some acting under the color of law – to impair or block Plaintiff's rights to the mineral estate. These alleged acts include various instances of the Defendant working with governmental agencies to prohibit or limit the ability of the Plaintiff to exploit the resources within the mineral estate. (*Id.* at ¶ 18). As a result of Defendant's interference, Plaintiff claims it has been denied due process and other rights, privileges, or immunities secured by the United States Constitution. (*Id.* at ¶ 17).

As a result, Plaintiff brings four claims against the Defendant, including: (1) unlawful interference with the mineral estate, (2) specific performance of and breach of contract, (3) private nuisance, and (4) declaratory and injunctive relief. For redress, Plaintiff seeks compensatory, incidental, consequential, and general damages along with injunctive and declaratory relief.

## LEGAL STANDARD

I.   FED. R. CIV. P. 12(b)(1)

A Rule 12(b)(1) motion, which challenges the court's subject matter jurisdiction over a case, can take one of two forms. First, a moving party may lodge a facial attack against the complaint's allegations as to the existence of subject matter jurisdiction. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). In reviewing a facial attack, the court must accept the

---

[1] In particular, Plaintiff insists that it has the right under the Deed Reservation to access the surface for mineral (including oil and gas) exploration and development without interference from the Defendant. (Doc. 1 at ¶ 15).

well-pled factual allegations in the complaint as true. *Id.* at 1205-06. Second, a party may go beyond the allegations contained in the complaint and challenge "the facts upon which subject matter jurisdiction depends." *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) (citation omitted). In reviewing a factual attack, the Court must look beyond the complaint and has wide discretion to consider evidence in the form of documents, affidavits, and even testimony. *Id.* (citations omitted).

In this case, Defendant lodges a facial attack on the Court's jurisdiction. (*See* Doc. 11 at 3). Accordingly, the Court limits its review to the sufficiency of the Complaint, and it takes the allegations in the Complaint as true. *See United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 547 (10th Cir. 2001).

## DISCUSSION

### I.   The Amount in Controversy Requirement

Federal courts have jurisdiction over civil actions where the parties are of diverse citizenship and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Here, Defendant does not contest the diversity of the parties. Rather, Defendant argues jurisdiction is improper because the case does not meet the amount in controversy requirement of 28 U.S.C. § 1332(a).

"When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiffs must show that it does not appear to a legal certainty that they cannot recover at least [$75,000]." *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994). The "legal certainty" standard is very strict, making dismissal under this standard a rare occurrence. Dismissal is generally warranted "only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court

jurisdiction." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003) (citing 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3702, at 98-101 (3d ed. 1998)). Thus, generally speaking, the amount claimed by the plaintiff controls "if that claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (internal citations omitted). "The burden is on the party asserting jurisdiction to show it is not a legal certainty that the claim is less than the jurisdictional amount." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)

Here, Plaintiff facially alleges an amount in controversy, exclusive of interest and costs, exceeding the sum or value of $75,000. (Doc. 1 at ¶ 6). This, along with the facts alleged in the Complaint, is enough to satisfy the Court of its jurisdiction. *See Adams*, 225 F.3d at 1183 ("A plaintiff's allegations in the complaint alone can be sufficient to make this showing.").

Based on the Complaint, the Court can easily infer that there is a good faith basis for Plaintiff's claim that more than $75,000 is at stake in this case.[2] The Complaint alleges that Plaintiff's mineral estate "contains extensive deposits of valuable minerals, including, without limitation, gold and other metals and minerals, and oil and gas . . . believed to have a value . . . exceeding one billion dollars." (Doc. 1 at ¶ 13). Further, the Complaint makes significant allegations detailing activities Defendant has undertaken to diminish the value of the mineral estate. (*Id.* at ¶¶ 16-18). Thus, even though Defendant is correct in noting that the total value of the estate is distinguishable from the amount in controversy, it is reasonable to infer that the

---

[2] Defendant argues that Plaintiff did not act in good faith by filing what it believes to be a duplicative suit. However, this is immaterial in establishing whether the amount in controversy requirement is met. The Court's review is limited to whether Plaintiff made its allegation regarding the amount in controversy in good faith. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 288.

Plaintiff would incur significant damages – *i.e.*, damages over $75,000 – if it is not fully able to exploit its rights in the property due to the Defendant's actions.

Naturally, Defendant argues that the law requires more of the Plaintiff asserting jurisdiction. This is simply not the case. There is no requirement that the allegations in the complaint be specific or technical in nature. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Rather, the law only requires Plaintiff to allege sufficient facts to convince the Court that "recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Adams*, 225 F.3d at 1183. As demonstrated above, given what is at stake in this suit – access to a one billion dollar mineral estate – it is very reasonable that the Plaintiff believes more than $75,000 hinges on the outcome.

In short, Defendant is misconstruing the severity of the amount at controversy standard. As the Tenth Circuit has observed, "[t]here is a strong presumption favoring the amount alleged by the plaintiff." *Woodmen*, 342 F.3d at 1216. For this reason, "it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied." *Id.* Thus, in order for this Court to deny jurisdiction based on the amount in controversy requirement, it must be a legal certainty that the Plaintiff cannot recover in excess of $75,000. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 288. Here, Plaintiff has met its burden to prove that it cannot be shown to a legal certainty it cannot recover over $75,000.

**THEREFORE,**

IT IS ORDERED that Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction (Doc. 11) is DENIED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**