IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

POTTER/ORTIZ, LLC,

      Plaintiff,

v.                                                                   No. CIV 13-1043 RB/RHS

LONE MOUNTAIN RANCH, LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER

The case before the Court involves a dispute over respective interests in the surface estate of property wherein the mineral estate may be worth upwards of a billion dollars. Plaintiff Potter/Ortiz, LLC ("Potter/Ortiz") alleges Defendant Lone Mountain Ranch ("LMR") interfered with its rights in the property, and seeks both damages and an order from this Court establishing that its rights in the property are dominant to LMR's.

Before the Court is LMR's Motion to Stay Proceedings or, in the Alternative, to Dismiss. (Doc. 21). Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions and arguments of the parties, the relevant law, and being otherwise fully advised, the Court **GRANTS** LMR's motion to stay the case.

## BACKGROUND

This federal case involves a dispute over rights in real property located in Santa Fe County, New Mexico. According to the Complaint, Potter/Ortiz owns the mineral estate and related rights to use the surface of the property, whereas LMR holds a residual surface interest in

the property. (Doc. 1). Potter/Ortiz seeks to establish and protect its rights in the property against LMR.[1]

However, this action is not the only pending case on this matter. LMR filed suit on October 1, 2013 in New Mexico district court. *See Lone Mountain, LLC, Mary Lloyd Estrin and Robert Estrin, Plaintiffs v. Santa Fe Gold Corporation and Ortiz Mines, Inc., Defendants*, First Judicial District Court, County of Santa Fe, State of New Mexico, No. D-101-CV-2013-02581 ("State Action"). In the State Action, LMR seeks a declaration that it has the right to participate in the public permitting process relating to the development of the mineral estate. It names Ortiz Mines, Inc. ("Ortiz Mines") and Santa Fe Gold Corporation as defendants. (*See* 1:13-cv-2013-0962 ("Case No. 0962"), Doc. 1). Ortiz Mines removed the State Action to federal court on October 3, 2013. (*See* Case. No. 0962, Doc. 1). Two weeks later, on October 17, 2013, LMR filed a motion to remand Case No. 0962. (*Id.*, Doc. 6). The federal court granted LMR's motion on December 17, 2013, and remanded Case. No. 0962 to the First Judicial District Court, County of Santa Fe, State of New Mexico. (Case. No. 0962, Doc. 25).

On October 25, 2013, Ortiz Mines filed an Amended Answer in Case No. 0962, which included a counterclaim against LMR ("Counterclaim"). (*See* Case No. 0962, Doc. 7; Doc. 21-1). The same day, Potter/Ortiz – represented by the same lawyers as Ortiz Mines in Case No. 0962 – filed the current Complaint in federal court. (Doc. 1). The Complaint in this action and the Counterclaim are virtually identical. (*Compare* Doc. 22-1 with Doc. 1). They allege the same facts. They assert identical claims. They ask for identical relief. Both the Complaint and the Counterclaim allege exclusively state law claims. (*See* Case No. 0962, Order Granting Plaintiff's Motion to Remand to State Court, Doc. 25 (explaining that there is no federal question in this

---

[1] A more detailed description of the allegations contained in this Complaint can be found in the Court's previous order denying Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 19).

suit or in any potential counterclaim)). Generally, the only difference is the name of the parties seeking relief.

Given the similarity of the State Action and the case before the Court, LMR seeks to stay or dismiss this proceeding pursuant to the *Colorado River* Doctrine.

### **Legal Standard**

The *Colorado River* Doctrine was adopted to avoid duplicative litigation. *See Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976).[2] The *Colorado River* Doctrine permits a federal court that would otherwise have concurrent jurisdiction with a state court to "dismiss or stay a federal action in deference to pending parallel state court proceedings." *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (citing *Colo. River*, 424 U.S. at 817). Staying or dismissing the federal case to avoid duplicating a state case serves several purposes, including: "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 1081 (quoting *Colo. River*, 424 U.S. at 817-18) (quotation and quotation marks omitted). But federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," rendering application of the doctrine appropriate only in "exceptional" circumstances. *Id.* (quoting *Colo. River*, 424 U.S. at 817-18).

Courts utilize a two-step approach to determine whether a dismissal or stay is appropriate under *Colorado River*. First, the court analyzes whether the state court suit and the federal suit

---

[2] Abstention under the *Colorado River* Doctrine differs from abstention under other theories, including *Younger*. *See Younger v. Harris*, 401 U.S. 37 (1971). Unlike *Colorado River*, "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court." *See Reinhardt*, 164 F.3d at 1302 (citations omitted). Here, neither party claims that *Younger* provides the proper framework to resolve this issue. Further, neither party seeks equitable relief from this court that would implicate state authority. Rather, LMR argues this case is duplicative. Accordingly, Potter/Ortiz's reliance on *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584 (Dec.10,2013) is misplaced. The rule enunciated in *Sprint Communication* is clearly limited to cases where the parties seek abstention pursuant to *Younger*. *See id.* at 588.

are in fact "parallel." *See Gerbino v. Sprint Nextel Corp.*, 2013 WL 2405558 (D. Kan. May 31, 2013). If this test is met, the court then considers the nonexhaustive factors delineated in *Colorado River*, 424 U.S. at 818 and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 18 n. 20, 23, 26-28 (1983). The Tenth Circuit counsels that – should the court determine that deferral to the state proceeding is appropriate – the court should enter a stay, rather than dismiss the case. *Fox*, 16 F.3d at 1083.

## DISCUSSION

### I.  Whether the Two Actions Are Parallel

The Court first examines whether the federal and state actions are parallel. *Fox*, 16 F.3d at 1081. Potter/Ortiz contends the two actions are not parallel because (1) the federal and state cases involve different parties, and (2) they deal with different subject matter. Neither of these claims has merit.

In determining whether actions are parallel, "exact identity of parties and issues is not required." *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002) (citing *Fox*, 16 F.3d at 1081). Rather, state and federal proceedings are sufficiently parallel if "substantially the same parties litigate substantially the same issues." *Fox*, 16 F.3d 1081 (quotation omitted). In making this determination, the court looks at the state case as it actually exists; it does not consider how the state proceedings could have been brought in theory. *Id.*

Potter/Ortiz and Ortiz Mines are, for all intents and purposes, the same party. Potter/Ortiz is the owner of the mineral estate. Ortiz Mines has contractual management rights over the property under a 1989 Mineral Rights Agreement. (*See* Doc. 27 at 5). In the Counterclaim, Ortiz Mines – through the same counsel representing Potter/Ortiz – characterizes the relationship between the parties as follows:

> Counterclaimant Ortiz is in privity of estate and contract with non-party Potter/Ortiz, LLC and for purposes of this Counterclaim has all rights against Counterdefendant LMR and its residual interests in the surface of the Property that the mineral estate owner has, pursuant to the Mineral Rights Agreement effective August 29, 1989.

(Doc. 21-1). Potter/Ortiz does not contradict Ortiz Mines' contention.

Instead, Potter/Ortiz claims its interests are distinct from Ortiz Mines. This may be true. But, there is no indication that Potter/Ortiz' and Ortiz Mines' interests differ in relation to this lawsuit. After all, the Counterclaim and Complaint are nearly identical. They assert the same causes of action. They allege the same facts. They seek the same remedies. Therefore, for the purposes of this lawsuit, the parties and the subject matter in the state and the federal lawsuits are substantially identical.

Potter/Ortiz also claims that no result effecting Ortiz Mines in the State Action would bind Potter/Ortiz. According to Potter/Ortiz, this fact supports its claim that the two actions are different. Yet, even assuming this fact would support its claim, this bold, yet unsubstantiated, assertion is not grounded in black-letter law. There is, indeed, a distinct possibility that Potter/Ortiz will be bound by a judgment in the State Action.[3] The doctrine of issue preclusion, also known as collateral estoppel, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). And, even though Potter/Ortiz is not currently a party in the State Action, it may still be bound by the state court's findings. In certain circumstances, issue preclusion applies to non-parties. *See*

---

[3] The Court does not make a conclusive finding at this time on claim and issue preclusion. Instead, the court merely notes that it is possible that collateral estoppel and res judicata will apply to Potter/Ortiz's claims. After a judgment is entered in the State Action, the parties are free to dispute whether preclusion doctrines do, in fact, impact Potter/Ortiz's claims.

*id.* ("nonparty preclusion may be justified based on a variety of pre-existing "substantive legal relationship[s]" between the person to be bound and a party to the judgment.")

In short, Potter/Ortiz gives no reason why this Court should ignore the obvious: the State Action and this action concern the same set of facts and the Counterclaim and Complaint are practically identical. The fundamental question in the two cases is also the same – they both require, as a pre-condition, a determination that the mineral rights estate is dominant over the surface rights estate in such a manner that precludes the surface rights estate owner, LMR, from engaging in certain alleged activities. Therefore, the Court finds that the State Action and the current action are parallel for the purposes of satisfying the *Colorado River* Doctrine.

**II.     *Colorado River* Factors**

As the state and federal proceedings are parallel, the Court moves to the second step of this inquiry. In *Colorado River* and subsequent cases, the Supreme Court has outlined a nonexhaustive list of factors for courts to consider in determining whether "exceptional circumstances" exist to warrant deference to parallel state proceedings. These factors include: (a) whether either court has assumed jurisdiction over property; (b) whether the federal forum is inconvenient; (c) the desirability of avoiding piecemeal litigation; (d) the order in which the courts obtained jurisdiction and the progress of the two cases; (e) which forum's substantive law governs the merits of the litigation; (f) the adequacy of the state forum to protect the parties' rights; and (g) the vexatious or reactive nature of either action. *See Colo. River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 18 n. 20, 23, 26-28. Other courts have also considered whether the party opposing abstention has engaged in "impermissible forum-shopping." *Fox*, 16 F.3d at 1082 (citing *Travelers Indem. Co. v. Madonna,* 914 F.2d 1364, 1370-71 (9th Cir. 1990)).

The *Colorado River* factors will be addressed in turn.

      **a.**      **Whether Either Court has Assumed Jurisdiction Over Property**

This case involves a dispute over property rights. Yet, this is not an action *in rem* – no court has assumed jurisdiction over the property at issue. Accordingly, this factor does not weigh in favor or against federal jurisdiction.

      **b.**      **Inconvenience of Federal Forum**

There is no indication that the federal forum is either more or less convenient than the state forum. As a result, this factor supports federal jurisdiction.

      **c.**      **Avoiding Piecemeal Litigation**

The remaining factors all either favor state jurisdiction or are neutral. In particular, the third factor – which asks whether maintaining both actions will result in piecemeal litigation – strongly supports the issuance of a stay in the federal case.

Should the Court proceed with this case, the result will surely be piecemeal litigation. Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results. *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). Here, duplication of proceedings is guaranteed: the issues being litigated in state court are identical to those before the Court in this action. Both cases rely on the same factual and legal assertions. There are no unique federal claims.[4] There is a distinct possibility of contradictory and irreconcilable rulings. *See Moses H. Cone*, 460 U.S. at 20. In applying *Colorado River*, the Court seeks to attain efficiency and

---

[4] This distinguishes this case from *Moses H. Cone* – one of the seminal Supreme Court cases on this topic. Here, there is no controlling federal statute which anticipates or compels piecemeal litigation. In *Moses H. Cone,* the Supreme Court considered and rejected the argument that an arbitration order in federal court would force the parties to resolve related disputes in different forums. The Supreme Court explained that this "misfortune, however, is not the result of any choice between the federal and state courts; it occurs because the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement." 460 U.S. at 20 (emphasis in original).

economy. *See Gerbino*, 2013 WL 2405558. This goal would be seriously undermined were the Court to proceed with the claims before it.

### d. Order in Which Courts Obtained Jurisdiction

The state court was the first to acquire jurisdiction over this matter. LMR filed this case in state court on October 1, 2013. Potter/Ortiz filed its Complaint in this Court on October 25, 2013, the same day that Ortiz Mines filed its Counterclaim. In the State Action, the Court has set a trial date for April 13, 2015. Beyond contesting jurisdictional issues, this Court has not made any decisions relating to the merits of this suit. Therefore, this factor only slightly favors issuing a stay.

### e. Which Forum's Substantive Law Governs

This dispute is governed entirely by New Mexico law. It is a private nuisance complaint, which implicates property rights in lands located entirely in Santa Fe County, New Mexico. The result of this action could have a major impact on the use of a significant portion of land. What's more, there is not even the hint of a federal claim or interest. Accordingly, this factor heavily favors declining federal jurisdiction.

### f. The Adequacy of the State Forum

In *Moses H. Cone*, the Supreme Court noted that in dismissing or staying a case under the *Colorado River* Doctrine, a court essentially determines that the parallel state-court litigation "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties" and that "[i]f there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." 460 U.S. at 28. In other words, a stay is only appropriate under the *Colorado River* Doctrine if the court has "full confidence" that the state court litigation will dispose of the dispute in its entirety. *Gulfstream Aerospace Corp. v.*

*Mayacamas Corp.,* 485 U.S. 271, 277 (1988) (citing *Moses H. Cone,* 460 U.S. at 28). Here, because the Counterclaim and Complaint are substantively identical and involve no issue of federal law, the State Action will resolve all issues between the parties. Consequently, this factor heavily favors state jurisdiction.

### g.   The Vexatious or Reactive Nature of Either Action

As the Court has previously stated, Potter/Ortiz filed its Federal Complaint on October 25, 2013. The same day, Ortiz Mines, through the same set of lawyers, filed their Counterclaim in the State Action. Potter/Ortiz made no attempt to join the original State Action, which at that time had been removed to federal court.[5] Instead, Potter/Ortiz filed a separate suit on the exact same issues. There is no indication that the Counterclaim is insufficient to vindicate Potter/Ortiz's interests in this litigation. Viewed through a cynic's lens, Potter/Ortiz's actions could be a retributive attempt to force LMR to expend resources defending two identical suits. This factor weighs in favor of declining federal jurisdiction.

### h.   Whether Potter/Ortiz Engaged in Impermissible Forum Shopping

Last, it is clear that Potter/Ortiz would rather litigate this dispute in federal court. After all, it chose to file in this Court. Potter/Ortiz's lawyers, who also represent Ortiz Mines, also attempted to remove the State Action to federal court. But, a desire to litigate a case in federal court does not necessarily mean that a party is engaging in impermissible forum shopping. "This factor only weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *Int'l Asset Mgmt., Inc. v. Holt,* 487 F. Supp. 2d 1274, 1286 (N.D.Okla. 2007) (quotation and quotation marks omitted). Since, at this point, there is no indication that

---

[5] The State Action was remanded to state court on the basis of the Forum Defendant Rule. (Doc. 14-1)

Potter/Ortiz would gain an obvious advantage by litigating this action in federal court, this factor is neutral.

### III. Balancing the *Colorado River* Factors

The *Colorado River* factors should not be applied as "a mechanical checklist." *Moses H. Cone*, 460 U.S. at 16. "In applying the test, no one factor is determinative and the weight to be given any one factor may vary from case to case." *Colo. River*, 424 U.S. at 818-19. The balance should be "heavily weighted in favor of the exercise of jurisdiction." *Fox*, 16 F.3d at 1082 (quoting *Moses H. Cone,* 460 U.S. at 16). Only under the "clearest of justifications" is dismissal warranted. *Colo. River,* 424 U.S. at 819. And any doubt in the application and balancing of the factors "should be resolved in favor of exercising federal jurisdiction." *Fox*, 16 F.3d at 1082.

After carefully considering each factor, the court finds that the exceptional circumstances in this case warrant a stay of the instant action. The principles underlying the *Colorado River* Doctrine – wise judicial administration, conservation of judicial resources, and the comprehensive disposition of litigation – are all supported by a stay.

While Potter/Ortiz argues its federal case is unique and presents new issues, these arguments are wholly unpersuasive. None of the above listed factors strongly counsel against staying the federal case. In contrast, the arguments in favor of issuing a stay in this case are compelling. The State Action involves practically identical parties litigating identical issues. Both cases are governed exclusively by state law; there is no semblance of a federal question. The State Action will likely resolve all issues in this case. Accordingly, the Court will not waste judicial resources in adjudicating this case prior to the state court's determination.

**THEREFORE**

**IT IS ORDERED** that Defendant Lone Mountain Ranch's Motion to Stay Proceedings or, in the Alternative, to Dismiss (Doc. 21) is GRANTED. The current action shall be stayed pending disposition of the State Action in Santa Fe County, New Mexico.

**IT IS FURTHER ORDERED** that the parties must notify this Court in writing within thirty days of the final disposition of the State Action.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**